FILED
CLERK, U.S. DISTRICT COURT

10/7/2022

CENTRAL DISTRICT OF CALIFORNIA
BY: ___CD___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

June 2022 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>MICHAEL TODD THACKER,<br>　aka "Big Mike," and<br>DYLAN JAMES VASQUEZ,<br><br>　　　　Defendants. | CR 2:22-cr-00464-RGK<br><br>I N D I C T M E N T<br><br>[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), (b)(1)(B)(ii)(II), (b)(1)(C): Possession with Intent to Distribute Fentanyl, Methamphetamine, Cocaine, and Cocaine Base in the Form of Crack Cocaine; 18 U.S.C. § 924(c)(1)(A)(i): Possession of a Firearm in Furtherance of a Drug Trafficking Crime; 18 U.S.C. § 922(g)(1): Felon in Possession of a Firearm and Ammunition; 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

The Grand Jury charges:

COUNT ONE

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(vi)]

[DEFENDANT THACKER]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant MICHAEL TODD THACKER, also

known as "Big Mike," knowingly and intentionally possessed with intent to distribute at least 400 grams, that is, approximately 903.51 grams, of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide ("fentanyl"), a Schedule II narcotic drug controlled substance.

COUNT TWO

[21 U.S.C. §§ 841(a)(1), (b)(1)(A)(viii)]

[DEFENDANT THACKER]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant MICHAEL TODD THACKER, also known as "Big Mike," knowingly and intentionally possessed with intent to distribute at least 50 grams, that is, approximately 100 grams, of methamphetamine, a Schedule II controlled substance.

COUNT THREE

[21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii)(II)]

[DEFENDANT THACKER]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant MICHAEL TODD THACKER, also known as "Big Mike," knowingly and intentionally possessed with intent to distribute at least 500 grams, that is, approximately 791.9 grams, of a mixture and substance containing a detectable amount of cocaine, a Schedule II narcotic drug controlled substance.

COUNT FOUR

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT THACKER]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant MICHAEL TODD THACKER, also known as "Big Mike," knowingly and intentionally possessed with intent to distribute cocaine base in the form of crack cocaine, a Schedule II narcotic drug controlled substance.

COUNT FIVE

[18 U.S.C. § 924(c)(1)(A)(i)]

[DEFENDANT THACKER]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant MICHAEL TODD THACKER, also known as "Big Mike," knowingly possessed a firearm, namely, a Taurus Armas, model G2C, 9mm pistol, bearing serial number AAM114782, in furtherance of drug trafficking crimes, namely, possession with intent to distribute fentanyl, methamphetamine, cocaine, and cocaine base, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A)(vi), (b)(1)(A)(viii), (b)(1)(B)(ii)(II), and (b)(1)(C), as charged in Counts One through Four of this Indictment.

COUNT SIX

[18 U.S.C. § 922(g)(1)]

[DEFENDANT THACKER]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant MICHAEL TODD THACKER, also known as "Big Mike," knowingly possessed a firearm, namely, a Taurus Armas, model G2C, 9mm pistol, bearing serial number AAM114782, and ammunition, namely, twenty-two rounds of CCI/Speer 9mm ammunition, nine rounds of Federal Cartridge Company 9mm ammunition, six rounds of Remington-Peters 9mm ammunition, five rounds of Prograde 9mm ammunition, two rounds of Winchester 9mm ammunition, and one round of ARMSCOR 9mm ammunition, in and affecting interstate and foreign commerce.

Defendant THACKER possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1.   Driving a Vehicle Without Owner's Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number NA017087, on or about January 30, 1995;

2.   Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number NA050437, on or about December 17, 2001;

3.   Taking a Vehicle Without Owner's Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for

7

the State of California, County of Los Angeles, Case Number VA077159, on or about July 11, 2003;

    4.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number NA065648, on or about May 16, 2005;

    5.    Taking a Vehicle Without Owner's Consent, in violation of California Vehicle Code Section 10851(a), in the Superior Court for the State of California, County of Los Angeles, Case Number NA069366, on or about April 5, 2006;

    6.    Possession for Sale of a Controlled Substance, in violation of California Health and Safety Code Section 11378, in the Superior Court for the State of California, County of Orange, Case Number 09NF3138, on or about November 12, 2009;

    7.    Possession of a Controlled Substance, in violation of California Health and Safety Code Section 11377(a), in the Superior Court for the State of California, County of Los Angeles, Case Number VA11626501, on or about August 3, 2010; and

    8.    Repeat Vehicle Theft, in violation of California Penal Code Section 666.5(a), in the Superior Court for the State of California, County of Riverside, Case Number SWF1101534, on or about July 29, 2011.

COUNT SEVEN

[18 U.S.C. § 922(g)(1)]

[DEFENDANT VASQUEZ]

On or about June 8, 2021, in Los Angeles County, within the Central District of California, defendant DYLAN JAMES VASQUEZ knowingly possessed a firearm, namely, a Glock, model 22, .40 caliber pistol, bearing serial number RTR567, and ammunition, namely, seven rounds of Prvi Partizan .40 S&W caliber ammunition, five rounds of Winchester .40 caliber ammunition, four rounds of Companhia Brasileira de Cartuchos .40 caliber ammunition, three rounds of Geco .40 S&W caliber ammunition, two rounds of Sellier & Bellot .40 caliber ammunition, fifteen rounds of Aguila .380 caliber ammunition, and one round of Frontier .380 caliber ammunition, in and affecting interstate and foreign commerce.

Defendant VASQUEZ possessed such firearm and ammunition knowing that he had previously been convicted of at least one of the following felony crimes, each punishable by a term of imprisonment exceeding one year:

1. Aggravated Assault, in violation of Arizona Revised Statute 13-1204, in the Superior Court for the State of Arizona, County of Maricopa, Case Number CR2011-129802-001 SE, on or about March 26, 2012;

2. Shoplifting, in violation of Arizona Revised Statute 13-1805, in the Superior Court for the State of Arizona, County of Maricopa, Case Number CR2012-119988-001-SE, on or about September 6, 2012; and

3. Aggravated Assault with a Dangerous Instrument, in violation of Arizona Revised Statute 13-1204, in the Superior Court

for the State of Arizona, County of Maricopa, Case Number CR2013-454510-002 SE, on or about March 24, 2014.

FORFEITURE ALLEGATION

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of any of the offenses set forth in Counts One through Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

(a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

(b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

(c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

(d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), any defendant so convicted, shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

                                            A TRUE BILL

                                            /S/
                                            Foreperson

E. MARTIN ESTRADA
United States Attorney

SCOTT M. GARRINGER
Assistant United States Attorney
Chief, Criminal Division

DAVID T. RYAN
Assistant United States Attorney
Deputy Chief, General Crimes Section

SAMUEL J. DIAZ
Assistant United States Attorney
International Narcotics, Money Laundering, & Racketeering Section